(6 Misc. Rep. 307.)

## MITCHELL v. CODY.

(Superior Court of New York City, General Term.  December 29, 1893.)

1. DEATH BY WRONGFUL ACT—PROXIMATE CAUSE.
   Where a blow struck by defendant caused plaintiff's intestate to fall so that his head came in contact with the pavement, from which death ensued, such blow was the proximate cause of the death.

2. DAMAGES—EVIDENCE IN MITIGATION
   Evidence in mitigation of damages cannot be given under a general denial, but the facts must be specially pleaded.

Appeal from jury term.

Action by Mary Mitchell, as administratrix of Patrick Mitchell, deceased, against William Cody, to recover damages for the death of plaintiff's intestate.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Fellows & Hartman, for appellant.

C. Stickler, for respondent.

FREEDMAN, J.   Upon the facts as found by the jury under an unexceptionable charge the direct cause of the fall of plaintiff's intestate was the blow struck by defendant, and the circumstance that the head of the deceased came into contact with the pavement upon which he fell was the natural and proximate result of the force wrongfully exerted by the defendant.  Death having ensued therefrom, such death clearly was the natural and proximate result of defendant's wrongful act; and the existence of the pavement cannot be treated as the intervention of a new agency which produced a consequence for which the defendant is not liable.

Defendant's application at the trial for leave to withdraw a juror was not denied for want of power to grant it, and the ruling as made presents no ground for reversal.

The rulings of the trial judge denying defendant's right to introduce special matter in justification or in mitigation were all proper under the pleadings.  The answer contained only a general denial. Facts in justification or in mitigation of damage, directly and naturally flowing from the wrongful act complained of, must be pleaded if the defendant desires to prove them at the trial.  Moreover, the defendant in the end substantially succeeded in introducing his proof in that respect.  Upon the whole case no reason appears which calls for reversal.  The judgment and order should be affirmed, with costs.